**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 08-cv-01796-REB-KLM

TESSA OLSON,

    Plaintiff,

v.

QWEST COMMUNICATIONS CORPORATION, a Delaware corporation, and
QWEST COMMUNICATIONS INTERNATIONAL, INC., a Delaware corporation,

    Defendants.

**ORDER CONCERNING MOTION FOR ATTORNEY FEES**

**Blackburn, J.**

This matter is before me on the **Defendants' Motion for Attorneys' Fees and Expenses** [#48][1] filed November 10, 2009. The plaintiff filed a response [#49], and the defendant filed a reply [#50]. I grant the motion in part and deny it in part.

**I. STANDARD OF REVIEW**

The defendants seek an award of attorney fees under 42 U.S.C. § 2000e-5(k), which provides, in relevant part, that "the court, in its discretion, may allow the prevailing party [in a case under Title VII] . . . a reasonable attorney's fee (including expert fees) as part of the costs . . . ." A district court may exercise discretion to award attorney fees to a prevailing defendant in a Title VII case on a finding that the plaintiff's action was unreasonable, frivolous, without foundation, or groundless, even if not brought in subjective bad faith. ***Christiansburg Garment Co. v. Equal Employment***

---

[1] "[#48]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

*Opportunity Commission*, 434 U.S. 412, 421 - 422 (1978). An award of fees to a prevailing defendant is appropriate when a plaintiff continued to litigate his or her case after the case clearly became unreasonable, frivolous, without foundation, or groundless. *Id*. at 422.

Attorney fees to a prevailing defendant should be awarded "not routinely, not simply because he succeeds." *Id*. at 421. Rather,

> it is important that a district court resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success. No matter how honest one's belief that he has been the victim of discrimination, no matter how meritorious one's claim may appear at the outset, the course of litigation is rarely predictable. Decisive facts may not emerge until discovery or trial. The law may change or clarify in the midst of litigation. Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit.

*Id*. at 421 - 422. In the case of a prevailing defendant, the court must concern itself with the potential chilling effect an award of attorney fees could have on the private enforcement of Title VII. *Id*. at 422.

## II. ANALYSIS

In this case, the plaintiff, Tessa Olson, asserted a gender discrimination claim and a retaliation claim under Title VII. I granted the defendants' motion for summary judgment on Olson's gender discrimination claim, concluding as follows:

> Although Olson represented herself as being qualified for the CCT position in June, 2006, it is undisputed that she was not qualified for the June CCT Position. Absent some evidentiary basis on which a reasonable fact finder could conclude that Olson was qualified for the June CCT Position, I cannot conclude that Olson has established a prima facie case of gender discrimination. On this basis, Qwest is entitled to summary judgment on Olson's gender discrimination claim.

2

*Order Granting Motion for Summary Judgment* [#45] filed October 23, 2009, p. 7. Olson effectively admitted that she was not qualified for the CCT position, as of June 2006, in discovery responses she executed on December 18, 2008. *Motion for summary judgment* [#25], Exhibit T, p. 15.

I granted the defendants' motion for summary judgment on Olson's retaliation claim, concluding as follows:

> Olson testified in her deposition that she does not know when Qwest management learned of her EEOC charge, or which particular individuals in management learned of her EEOC charge. *Reply in support of motion for summary judgment* [#37], Exhibit CC (Olson Deposition), 149: 5 - 15. Olson cites no evidence that contradicts Burden's statement that the decision to issue a written warning was made in early September. Further, Olson cites no evidence that supports her contention that Burden knew of Olson's EEOC charge before Burden made her decision. Absent evidence that Burden knew of Olson's EEOC charge before Burden made her decision to issue a written warning, Olson cannot establish a causal connection between her filing of an EEOC charge and Burden's decision to issue a written warning to Olson. Thus, Olson has not established a *prima facie* case of retaliation, and Qwest is entitled to summary judgment on Olson's retaliation claim.

*Id.*, pp. 13 - 14. Olson's deposition, as cited in the paragraph quoted above, was taken on April 1, 2009. However, discovery from various relevant witnesses continued until at least April 29, 2009.

Considering the totality of the relevant factual circumstances of this case in the context of the foregoing analytical principles, I am constrained to find and conclude (1) that the defendants are the prevailing parties; and (2) that after the defendants filed their motion for summary judgment on June 15, 2009, it was clarion that the plaintiff's Title VII claims against the defendant were baseless and, therefore, unreasonable. This is true because, at that time, it was clear that the plaintiff did not have evidence to support a *prima facie* case of gender discrimination or a *prima facie* case of retaliation.

3

However, the plaintiff continued to litigate this case after the available evidence had been examined in discovery and after it was clear that there was no evidentiary basis for either of her claims.  Under 42 U.S.C. § 2000e-5(k), the defendants are entitled to an award of attorney fees and costs incurred following the filing of the defendants' motion for summary judgment, in addition to the costs previously awarded by the Clerk of the Court in his **Bill of Costs** [#51].  In reaching this conclusion I carefully have considered and applied the cautions expressed by the United States Supreme Court concerning an award of attorney fees against a Title VII plaintiff.  ***Christiansburg Garment Co. v. Equal Employment Opportunity Commission***, 434 U.S. 412 (1978).

Any determination of reasonable attorney fees starts with calculation of the lodestar amount, which is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.  The United States Court of Appeals for the Tenth Circuit has recognized the lodestar amount as a presumptively reasonable fee.  ***Homeward Bound, Inc. v. Hissom Memorial Ctr.***, 963 F.2d 1352, 1355 (10th Cir. 1992).  In determining whether counsel spent a reasonable number of hours on a matter, I must consider several factors, including: (1) whether the amount of time spent on a particular task appears reasonable in light of the complexity of the case, the strategies pursued, and the responses necessitated by an opponent's maneuvering; (2) whether the amount of time spent is reasonable in relation to counsel's experience; and (3) whether the billing entries are sufficiently detailed, showing how much time was allotted to specific task. ***See Ramos v. Lamm***, 713 F.2d 546, 553-54 (10th Cir.1983), rev'd in part on other grounds, ***Pennsylvania v. Delaware Valley Citizens' Council for Clean Air***, 483 U.S. 711 (1987).  The Tenth Circuit has noted that "[c]ounsel for the party claiming the fees has the burden of proving hours to the district court by

submitting meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks." ***Case v. Unified School Dist. No. 233, Johnson County, Kan.***, 157 F.3d 1243, 1256 (10th Cir. 1998). A "reasonable rate" is defined as the prevailing market rate in the community in question for an attorney of similar experience. ***Blum v. Stenson***, 465 U.S. 886, 895 (1984); ***Gudenkauf***, 158 F.3d at 1082; ***Metz,*** 39 F.3d at 1493.

Based on my review of the defendants' motion [#48] and the exhibits included with that motion, I find and conclude that the hourly rates claimed by the defendants are reasonable, and the hours expended also are reasonable. The defendants' motion for summary judgment was filed on June 15, 2009. Multiplying the hours reasonably spent by the defendants' attorneys after that date by the reasonable hourly rates claimed by the defendants, I find and conclude that the defendants incurred 9,947.00 dollars in reasonable attorney fees after June 15, 2009. Reviewing the defendants' statement of costs incurred in this case, as shown in the defendants' motion [#48], I find and conclude that the defendants incurred 96.47 in reasonable costs after June 15, 2009. These costs were not awarded by the Clerk of the Court in his **Bill of Costs** [#51]. Thus, under 42 U.S.C. § 2000e-5(k), I grant the defendants' motion for an award attorney fees and costs in these amounts.[2]

---

[2] Since the award of attorney fees is treated as costs under 42 U.S.C. § 2000e-5(k), as opposed to sanctions under FED. R. CIV. P. 11 or an award of costs, including attorney fees, against counsel under 28 U.S.C. § 1927, I must order the attorney fees payable by the plaintiff personally, as opposed to her attorney personally. In their reply in support of their present motion, the defendants raise for the first time the prospect of an award of attorney fees against the plaintiff's counsel under § 1927. I will not address a basis for relief asserted for the first time in a reply.

**THEREFORE, IT IS ORDERED**: as follows:

1. That the **Defendants' Motion for Attorneys' Fees and Expenses** [#48] filed November 10, 2009, is **GRANTED IN PART**;

2. That under 42 U.S.C. § 2000e-5(k), the defendants are **AWARDED** 9,947.00 dollars in reasonable attorney fees;

3. That under 42 U.S.C. § 2000e-5(k), the defendants are **AWARDED** 96.47 in costs, which costs were not awarded by the Clerk of the Court in his **Bill of Costs** [#51];

4. That the plaintiff, Tessa Olson, **SHALL PAY** these amounts to the defendants within sixty (60) days of the date of this order;

5. That otherwise, the **Defendants' Motion for Attorneys' Fees and Expenses** [#48] filed November 10, 2009, is **DENIED**; and

6. That the **Judgment** entered October 27, 2009, is **AMENDED** accordingly.

Dated September 13, 2010, at Denver, Colorado.

BY THE COURT:

*Bob Blackburn*
Robert E. Blackburn
United States District Judge